## McLAIN-HADDEN-SIMPERS CO. v. TRENT RUBBER CO.

### Appeal of HOPE WEBBING CO.

(Circuit Court of Appeals, Third Circuit. November 8, 1921.)

No. 2778.

Sales ⚖➝82(1)—Provision for approval of terms of payment by seller held not to continue open during the life of the contract.

A sales contract for materials to be delivered during four months, a certain amount every month, "terms strictly 2 per cent. cash 10 days from date of invoice or 30 days net, f. o. b., * * * application of these terms subject to the approval of [seller's] credit department," did not mean that the terms of payment were subject to the approval of the seller's credit department at will during the running of the contract, but gave a right to be exercised only before it performed by making deliveries, and credit having become an established term of the contract by proceeding thereunder, an attempt to impose new terms was an abandonment, warranting buyer's rescission.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Claim by the McLain-Hadden-Simpers Company against the Trent Rubber Company, in the hands of John O. Bigelow, receiver. From an order sustaining the receiver in disallowing the claim, the Hope Webbing Company appeals. Affirmed.

Whiting & Moore, of Newark, N. J. (Ira C. Moore, Jr., of Newark, N. J., of counsel), for appellant.

McCarter & English, of Newark, N. J. (Conover English, of Newark, N. J., of counsel), for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and THOMPSON, District Judge.

WOOLLEY, Circuit Judge. This appeal is from an order of the District Court sustaining the receiver of Trent Rubber Company in disallowing a claim filed by Hope Webbing Company.

In May, 1920, the Webbing Company and the Rubber Company entered into a contract by an order and acceptance for the purchase and sale of 1200 gross yards of tire wrapping tape; deliveries to be made through the following months of June, July, August and September, at 300 gross yards per month. The order of the Rubber Company named the price at $8.00 per gross yards but was silent as to terms of payment. The acceptance by the Webbing Company repeated the price named and imposed terms of payment as follows:

"Terms of sale are strictly 2 per cent. cash 10 days from date of invoice or 30 days net, f. o. b. Providence, R. I. Application of these terms subject to the approval of our Credit Department."

The Webbing Company delivered only 50 gross yards of the required 300 in June and none in July, August and September, having disposed of its output to other customers at higher prices. The Rubber

Company did not pay for this shipment either within 10 days or 30 days, but paid for it in September.

Thus the matter went along until September 16, when the Webbing Company wrote the Rubber Company that, being no longer satisfied with the financial status of the latter, it would resort to the cited provision of the contract as to the application of terms of payment subject to the approval of its credit department, and would deliver the balance of the contract quantity of tape only upon receipt of "cash before shipment." The Rubber Company indicated its willingness to take belated deliveries but declined to accept them except upon the original terms of the contract giving a discount for cash in 10 days or 30 days credit. Construing this declination as a breach of the contract, the Webbing Company filed a claim for damages against the receiver of the Rubber Company.

It is clear that the parties severally breached the contract as to deliveries and payments and that each waived the other's breach. The real trouble began when the Webbing Company undertook to change the terms of the contract as to manner and time of payments. The provision in the contract that the terms of payment shall be subject to the approval of the seller's credit department was not a right reserved by the seller to extend and withdraw credit at will during the running of the contract, but was a right to be exercised by the seller only before it began performance of the contract by making deliveries. Evidently the quoted credit terms first met the approval of the seller's credit department, for the only shipment made was on 10 days cash or 30 days credit. Credit thus became an established term of the contract. By withdrawing that term and imposing a new one, the Webbing Company in effect abandoned the contract under the old terms and gave the Rubber Company the right to rescind. And this right the Rubber Company exercised.

For these reasons we think that the District Court did not commit error in sustaining the action of the receiver and that, in consequence, its decree should be affirmed.